IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>      v.<br><br>MELVIN EDUARDO-GARCIA,<br><br>Defendant. | CRIMINAL NO. 16-525(GAG) |

**REPORT AND RECOMMENDATION**

Defendant Melvin Eduardo-García was charged in a one count Information and he agreed to plea guilty to the only count under a straight plea.  Count One charges above Defendant with, on or about June 21, 2016, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, the defendant herein, being an alien previously removed from the United States knowingly and intentionally attempted to enter the United States without obtaining, prior to his re-embarkation at a place outside the United States, the express consent from the Secretary of Homeland Security, to reapply for admission into the United States; all in violation of Title 8, United States Code, Section 1326 (a).

On August 22, 2016, defendant appeared before this Magistrate Judge since the Rule 11 hearing was referred by the court.  Defendant was provided with the Waiver of Indictment and Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Count One of the Information, upon being advised of his right to have said proceedings before a district

United States v. Melvin Eduardo-García
Criminal No. 16-525 (GAG)
Report and Recommendation
Page No. 2

judge of this court.[1]   Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count One, he was examined and verified as being correct that: he had consulted with his counsel Marta T. Rey-Cacho, prior to the hearing, that he was satisfied with the services provided by his legal representative and had time to discuss with her all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Information and charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charges specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict.   He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt.   Furthermore, he was waiving his right during said

---

[1] The form entitled Consent to Proceed before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify.   Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offense as to which he was pleading guilty. The penalty for the offense in Count One, as charged and as proffered by the government, is a term of imprisonment of up to two (2) years, a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), a

term of supervised release of not more than one (1) year, and a special monetary assessment of one hundred dollars ($100.00), per count of conviction.

Insofar as Count One as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be.

Defendant stated that he understood the consequences of entering a straight plea in this case and had discussed the same with his counsel.

Defendant further indicated that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty.

Defendant was specifically informed that any sentencing calculations he could have discussed with his counsel were not binding for the sentencing court, but were only estimates of possible terms of his sentence, which could always be imposed, at the sole discretion of the court, up to the maximum penalties allowed by statute, and dependent upon the information and verification thereof of the pre-sentence report that the court would have before it at the time of imposition of the sentence.  The government, defendant, and his counsel also expressed they are aware the Sentencing Guidelines are no longer mandatory and are thus, considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offense charged and the evidence the government had available to establish, in the event defendant had elected to go to trial,

United States v. Melvin Eduardo-García
Criminal No. 16-525 (GAG)
Report and Recommendation
Page No. 5

the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between them. Defendant agreed with the government's statement of facts.

Defendant acknowledges he is an alien and pleading guilty and entering into the plea may have negative effects upon defendant's immigration status with the United States, which may include deportation or removal. Defense counsel averred that she explained to Defendant the immigration consequences.

Having once more ascertained that defendant indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the applicable Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea. Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances

<u>United States v. Melvin Eduardo-García</u>
Criminal No. 16-525 (GAG)
Report and Recommendation
Page No. 6

particularly if the sentence is contrary to law.    With few exceptions, any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case.

    Defendant was read Count One of the Information in open court and he indicated he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One was what he had done and to which he was pleading guilty during these proceedings.   Thereafter, defendant expressed in no uncertain terms that he agreed with the statement of facts as to his participation in the offense.    Thereupon, defendant indicated he was pleading guilty to Count One of the Information in Criminal No. 16-525 (GAG).

    This Magistrate Judge after having explained to defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty under a straight plea, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Information in Criminal No. 16-525 (GAG).

    IT IS SO RECOMMENDED.

    The sentence hearing is set for October 3, 2016 at 9:00 am before Honorable Gustavo A. Gelpí, District Judge.

    The parties have fourteen (14) days to file any objections to this report and recommendation.    Amended Fed. R. Crim P. 59 (b)(2).   <u>See</u> <u>also</u> Amended Local Rules. Failure to file same within the specified time waives the right to appeal this order. <u>Henley Drilling Co. v. McGee</u>, 36 F.3d 143, 150-151 (1st Cir. 1994); <u>United States v.</u>

United States v. Melvin Eduardo-García
Criminal No. 16-525 (GAG)
Report and Recommendation
Page No. 7

<u>Valencia</u>, 792 F.2d 4 (1st Cir. 1986). See <u>Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.</u>, 840 F.2d 985, 991 (1st Cir. 1988).

In San Juan, Puerto Rico, this 22nd day of August of 2016.

        s/ CAMILLE L. VELEZ-RIVE
        CAMILLE L. VELEZ-RIVE
        UNITED STATES MAGISTRATE JUDGE